UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH BRADY,

        Plaintiff,                                        Case Number 17-10179

v.                                                          Honorable David M. Lawson

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

## ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES

This matter is before the Court on a motion by plaintiff's counsel for attorney's fees under Title II of the Social Security Act, 42 U.S.C. § 406(b). On September 22, 2017, the Court entered a judgment remanding the case to the Commissioner for further proceedings. The Court subsequently entered a stipulated order permitting attorney's fees and expenses in the amount of $4,042.50 under the Equal Access to Justice Act. *See* ECF No. 21. On remand, the administrative law judge concluded that the plaintiff has been disabled since February 27, 2008. On January 2, 2019, the Social Security Administration issued a Notice of Award stating that the plaintiff is entitled to past-due benefits in the amount of $100,547.00. In accordance with 42 U.S.C. § 406(b) and the contingent fee agreement entered into by the plaintiff and her attorney, plaintiff's counsel presently seeks payment of $19,136.75 to be disbursed from the past-due benefits recovered.

The Commissioner does not oppose the request for fees, but correctly notes that although "[f]ees for court representation may be awarded under section 406(b) of the Social Security Act and/or under the Equal Access to Justice Act (EAJA)," *Minor v. Comm'r Soc. Sec.*, 826 F.3d 878, 880 (6th Cir. 2016), "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186). In his motion, plaintiff's counsel acknowledges that if the Court

awards him fees under section 406(b) greater than his EAJA award, he must refund $4,042.50 to the plaintiff.

"As presently written, the Social Security Act 'discretely' addresses attorney's fees for the administrative and judicial-review stages: '§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" *Culbertson v. Berryhill*, --- U.S. ---, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht*, 535 U.S. at 794). If a prior fee agreement exists, "[section 406(a)(2)] caps fees at the lesser of 25% of past-due benefits or a set dollar amount — currently $6,000." *Ibid.* (citing 42 U.S.C. § 406(a)(2)(A)). Plaintiff's counsel represents that he received $6,000 for the work performed at the administrative level.

Section 406(b) similarly allows a claimant's attorney to charge a contingent fee to his client, as long as the fee is "a reasonable fee for such representation" and does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [the favorable] judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has explained that the legislatively determined cap on the amount of a fee award under section 406(b) does not establish a presumption as to the reasonableness of a fee request within the statutory limit. Instead, the district court independently must review any fee application filed under section 406(b) to ensure that the fee requested is reasonable under the circumstances. *Gisbrecht*, 535 U.S. at 807-08.

The court of appeals has instructed that when reviewing contingent fees under section 406(b), reductions to ensure reasonableness "generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420-21 (6th

Cir. 1990). The *Hayes* court further suggested factors that the district court may consider when reviewing a contingent fee to determine if it would result in a "windfall" for the plaintiff's attorney:

> [A]rguments [against reasonableness of the fee] may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would enjoy a windfall because of minimal effort expended.

*Hayes*, 923 F.2d at 422 (quotations and citations omitted). The *Hayes* court identified at least one rule of thumb when guarding against a windfall:

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Ibid.* The Sixth Circuit has noted that the decision in *Gisbrecht* "elided strict presumptions altogether" and requires the district courts to review all section 406(b) fee requests for reasonableness. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Nevertheless, numerous district courts in this circuit have continued to rely upon the *Hayes* "floor" of "twice the standard rate" as a relevant benchmark and one factor among others in the reasonability analysis.

The Sixth Circuit, however, never has endorsed any particular nominal figure or ideal multiplier for the "standard hourly rate" applicable to the litigation of civil actions under the Social Security Act. Courts in this circuit have variously adopted "standard rates" ranging from $165 per hour, *Lasley*, 771 F.3d at 310, to $500 per hour, *Drenning v. Comm'r of Soc. Sec.*, No. 12-13470, 2014 WL 4705113, at *4 (E.D. Mich. Sept. 21, 2014). And in cases where the hypothetical hourly rate has exceeded twice the "standard rate," courts in this circuit routinely have approved as reasonable contingent fee awards yielding nominal hourly rates exceeding $700 per hour. *Jodrey*

*v. Comm'r of Soc. Sec.*, No. 12-725, 2015 WL 799770, at *4 (S.D. Ohio Feb. 25, 2015), *report and recommendation adopted*, 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015) (affirming award that yielded a "hypothetical hourly rate of $700") (collecting cases approving of hypothetical hourly rates ranging from $539 to $709).

In *Sykes v. Comm'r of Soc. Sec.*, 144 F. Supp. 3d 919 (E.D. Mich. 2014), this Court approved an award that resulted in a hypothetical hourly rate of $620.54, observing that it was less than twice the "standard rate" of $500 per hour, which was reported by the State Bar of Michigan as the 95th percentile for hourly rates charged by public benefits attorneys working in the state in 2010. *Sykes*, 144 F. Supp. 3d at 926 (citing *Drenning*, 2014 WL 4705113, at *4); *see also Castaneda v. Comm'r of Soc. Sec.*, No. 10-13724, 2013 WL 2285448, at *2 (E.D. Mich. May 23, 2013) (finding hypothetical rate of approximately $600 per hour to be reasonable); *Hamilton v. Comm'r of Soc. Sec.*, No. 09–11553, 2011 WL 10620498, at *6 (E.D. Mich. Aug. 15, 2011) ($625 per hour); *but see Acosta v. Comm'r Soc. Sec.*, No. 14-10212, 2016 WL 8094540, at *8 (E.D. Mich. Nov. 17, 2016) (reducing award that produced an "effective hourly rate of $1,022.74").

Here, the fee requested is reasonable compensation for plaintiff's counsel's work at the judicial-review stage. On December 5, 2016, the plaintiff and her attorney agreed to a contingent fee of 25 percent of past-due benefits regarding her representation in federal court. This fee arrangement was separate from the agreement the plaintiff signed on June 30, 2014 regarding her representation at the administrative level for which plaintiff's counsel has received $6,000. Because "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)," *Culbertson*, 139 S. Ct. at 523, plaintiff's counsel was entitled to request — but not guaranteed to receive — payment up to $25,136.75 under section 406(b). *See also Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 457 (6th Cir. 2016) ("In

the Sixth Circuit, an attorney who represents the claimant before the Commissioner and in court may separately receive fees for both representations, meaning the attorney may receive total fees exceeding twenty-five percent of the claimant's benefits award.").

Plaintiff's counsel nevertheless seeks only $19,136.75 under section 406(b), deducting $6,000 for the amout he received under section 406(a) in what the Court views as an effort to bolster the reasonableness of his fee request. He reports that he worked 23.1 hours on the case relating to proceedings before this Court, yielding an effectively hourly rate of $828.43, which is less than twice the "standard rate" of $500 per hour. Although the resulting hypothetical rate is high, plaintiff's counsel achieved an excellent result for his client in this case when, upon remand, his client was awarded more than $100,000 in past-due benefits wrongly denied to her by the Commissioner. The work done by plaintiff's counsel was not minimal and the amount of the resulting fee does not represent a "windfall" or an inordinately large payment for that work.

The attorney's fee of $19,136.75 is permissible under 42 U.S.C. § 406(b) contingent upon plaintiff's counsel refunding his EAJA fees to the claimant.

Accordingly, it is **ORDERED** that the motion for attorney's fees (ECF No. 22) is **GRANTED IN PART**.

It is further **ORDERED** that the attorney fee request in the amount of $19,136.75 is **CONDITIONALLY APPROVED** under 42 U.S.C. § 406(b), subject to plaintiff's counsel refunding to the claimant the EAJA fee award of $4,042.50. Plaintiff's counsel is directed to file a notice when the fees have been refunded to the claimant.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Date: February 19, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 19, 2019.

                         s/Susan K. Pinkowski
                         SUSAN K. PINKOWSKI